RECEIPT # 57091
AMOUNT $ 150
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE 7-6-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAYMOND C. RODRIGUES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| GENLYTE THOMAS GROUP LLC ) | 04-11512 MLW |
| d/b/a LIGHTOLIER, AND ) | |
| KAREN PACHECO, ) | |
| ) | |
| Defendants. ) | MAGISTRATE JUDGE Collings |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Genlyte Thomas Group LLC d/b/a Lightolier ("Genlyte")[1] and Karen Pacheco ("Pacheco") hereby file this Notice of Removal. In connection therewith, the Defendants state as follows:

1. State Court Action

Plaintiff Raymond C. Rodrigues ("Rodrigues") sued Genlyte for "sex discrimination/sexual harassment" and Pacheco for sexual harassment and intentional interference with a contract in the Superior Court of the Commonwealth of Massachusetts for Bristol County, Civil Action No. 2004-00470.

2. Federal Jurisdiction

Rodrigues's Complaint alleges that he is a Massachusetts resident. (See Compl. ¶ 1.) Genlyte is a Delaware corporation with a principal place of business in Kentucky. Thus, there is complete diversity between Rodrigues and Genlyte, and this Court has subject matter jurisdiction

---

[1] Genlyte Thomas Group LLC denies that it does business as Lightolier. Lightolier, Inc. ceased to exist in 1991 when it merged into Genlyte Group, Inc. although the division still utilizes the "Lightolier" logo and brand on its letterhead. Then in April 1998, Genlyte Group, Inc. merged with Thomas Industries, Inc. to form Genlyte Thomas Group LLC.

BOS_449702_1.DOC/MDUBNOFF

over any dispute between them, pursuant to 28 U.S.C. § 1332. Rodrigues cannot defeat diversity by naming Pacheco as a defendant, because doing so constitutes a fraudulent joinder. See Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); Mills v. Allegiance Healthcare Corp., 178 F. Supp. 2d 1, 4-6 (D. Mass. 2001). As demonstrated in the Defendants' Verified Statement of Facts and Pacheco's Motion to Dismiss, being filed herewith, there is no possibility that the plaintiff can state a cause of action against Pacheco in state court. Although Rodrigues filed a Charge of discrimination with the MCAD against Genlyte, that Charge did not name Pacheco as a defendant. Nor did Rodrigues file a separate Charge against Pacheco. He, therefore, has failed to exhaust his administrative remedies against Pacheco, so he cannot sue her under either Mass. Gen. Laws ch.151B, §§ 4(1) and 4(16A), or ch. 214, § 1C. See Mass. Gen. Laws ch. 151B, § 5, ch. 214, § 1C; Clarke v. Kentucky Fried Chicken of Calif., Inc., 57 F.3d 2d 21, 29 (1st Cir. 1995).[2] Nor can he sue Pacheco for intentional interference with a contract, since that claim is preempted by Chapter 151B. See Mass. Gen. Laws ch.151B, § 9; Green v. Wyman-Gordon Co., 422 Mass. 551, 555 (1996); Dorn v. Astra USA, 975 F. Supp. 388, 395 (D. Mass. 1997). Consequently, removal to this Court is proper pursuant to 28 U.S.C. § 1441.

3.   Timeliness of Notice of Removal.

Defendants first received notice of the Complaint by receiving their respective Summonses and a copy of the Complaint on June 15, 2004. Removal of this action is, therefore, timely under 28 U.S.C. §1446(b).

---

[2]   The statute of limitations also has expired on any claims that Rodrigues might purport to have against Pacheco for sexual harassment. According to his MCAD Charge, the most recent discriminatory action took place on February 1, 2002. At the time, the statute of limitations for asserting a claim of sexual harassment before the MCAD was six months, and while the law has since been amended to expand the statute of limitations to 300 days, Mass. Gen. Laws ch.151B, § 5, as amended by St. 2002, c. 223, § 1, Rodrigues's claim against Pacheco would be untimely under either standard.

4.      Relief Requested.

Defendants request that the United States District Court for the District of Massachusetts assume jurisdiction over the above-captioned action. Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Defendants are attached as Exhibit A. Certified copies of the entries in the Superior Court docket will be filed in connection with Defendants' Local Rule 81.1 Statement.

                                                        Respectfully Submitted,
GENLYTE THOMAS GROUP LLC
d/b/a LIGHTOLIER, AND KAREN PACHECO,
By their attorneys

_____
Timothy P. Van Dyck (BBO# 548347)
Mark B. Dubnoff (BBO# 637212)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444

July _1_, 2004

### CERTIFICATE OF SERVICE

I, Mark B. Dubnoff, hereby certify that on this _1_st day of July, 2004, I caused a copy of the foregoing document to be sent by first-class mail, postage prepaid, to Plaintiff's counsel, Christopher Trundy, 240 Union St., P.O. Box 1203, New Bedford, MA 02741-1203.

_____
Mark B. Dubnoff

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Raymond C. Rodrigues

**DEFENDANTS**
Genlyte Thomas Group LLC d/b/a Lightolier and Karen Pacheco

(b) County of Residence of First Listed Plaintiff: Bristol
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

04-11512 MLW

(c) Attorney's (Firm Name, Address, and Telephone Number)
Christopher C. Trundy   (508) 984-4000
240 Union Street
P.O. Box 1203
New Bedford, MA 02741-1203

Attorneys (If Known)
Timothy P. Van Dyck
Mark B. Dubnoff
Edwards & Angell, LLP
Boston, MA 02110   (617) 439-4444

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury Med. Malpractice | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 365 Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 320 Assault, Libel & Slander | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 330 Federal Employers' Liability | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 340 Marine | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 345 Marine Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 350 Motor Vehicle | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIW C/DIW W (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 360 Other Personal Injury | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | Habeas Corpus: | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Employment Discrimination in violation of Mass. Gen. Laws. ch. 151B, §§4(1) and (16A)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 7-2-04
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)
   Raymond C. Rodrigues v. Genlyte Thomas Group LLC, et al.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

   04-11512MLW

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   Raymond C. Rodriques v. Genlyte Thomas Group, LLC, et al., BR CV 2004-00470-C

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Mark B. Dubnoff
ADDRESS Edwards & Angell, LLP, 101 Federal St., Boston, MA 02110
TELEPHONE NO. (617) 439-4444

(Coversheetlocal.wpd - 10/17/02)