UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RAYMOND C. RODRIGUES, )
)
Plaintiff, )
)
v. ) Civil Action No.
)
GENLYTE THOMAS GROUP LLC )
d/b/a LIGHTOLIER, AND ) 04-11512 MLW
KAREN PACHECO, )
)
Defendants. )

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT PACHECO'S MOTION TO DISMISS**

Defendant Karen Pacheco ("Pacheco"), by and through her attorneys, submits this memorandum in support of her motion to dismiss Counts II and III of the Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and (6).[1] Plaintiff Raymond C. Rodrigues ("Rodrigues") cannot sue Pacheco for employment discrimination in violation of Mass. Gen. Laws ch.151B, §§ 4(1) and 4(16A) ("Chapter 151B"), or ch. 214, § 1C ("Chapter 214"), because he never filed a Charge of Discrimination against Pacheco with the Massachusetts Commission Against Discrimination, and his claim of intentional interference with a contract is preempted by Chapter 151B.

I.  **Statement of the Case**

On or about March 28, 2002, Rodrigues filed a Charge with the Massachusetts Commission Against Discrimination ("MCAD") against "Lightolier" and "Genlyte Thomas LLC." The Charge alleged that "Lightolier" and/or "Genlyte Thomas LLC" (the "Company"),

---

[1] Pacheco is seeking dismissal under both Rule 12(b)(1), based on lack of subject matter jurisdiction, and Rule 12(b)(6), based on failure to state a claim on which relief may be granted, because it is unclear which rule is more applicable to claims of failure to exhaust administrative remedies. See Chirstopher W. v. Portsmouth Sch. Committee, 877 F.2d 1089 (1st Cir. 1989) (affirming dismissal based on Rule 12(b)(1)) and Frazier v. Fairhaven Sch. Committee, 276 F.3d 52 (1st Cir. 2002) (affirming dismissal based on Rule 12(b)(6)).

as Rodrigues's employer(s), wrongly terminated Rodrigues on account of his gender and had subjected Rodrigues to sexual harassment.[2] More specifically, the Charge alleged that Rodrigues had been wrongly terminated following a complaint by "a female superior, Karen Pacheco" that Rodrigues had sexually harassed her. See Ex.1, ¶ 2. Rodrigues alleged that the Company refused to even interview Rodrigues before terminating him, id. ¶ 3, and that this decision was based on sexual stereotypes (presumably, that a woman who accused a man of sexual harassment was likely to be telling the truth). Id. ¶ 4. Rodrigues further claimed that it was Pacheco who had sexually harassed him, instead of the converse, and that while Rodrigues had resisted her advances, his fear of adversely impairing his employment deterred him from complaining about Pacheco to the Company. Id. ¶ 5. The Charge did not name Pacheco as a respondent. See generally id. Rodrigues has never filed a separate Charge against Pacheco.

On or about August 9, 2002, the Company submitted a Position Statement to the MCAD, which explained that (a) Pacheco was never Rodrigues's "superior;" (b) Genlyte had thoroughly investigated Pacheco's claims that Rodrigues harassed her; (c) this investigation had included two interviews of Rodrigues; and (d) the decision to terminate Rodrigues was made because Pacheco's claims of harassment had been substantiated. In light of these facts, the Company asked the MCAD to dismiss the Charge for Lack of Probable Cause. Before the MCAD could rule, however, Rodrigues withdrew his Charge. On or about January 23, 2003, the MCAD dismissed Rodrigues's Complaint without prejudice because it had received notice that Rodrigues planned to file a civil action in this case.

More than 15 months later, Rodrigues filed the current lawsuit in Massachusetts Superior Court for Bristol County. He served Genlyte and Pacheco with copies of the Complaint and summons on or about June 15, 2004. The Complaint consists of three counts: sexual

---

[2] A copy of the Charge is attached hereto as Exhibit 1.

discrimination and harassment in violation of Chapter 151B, §§ 4(1) and 4(16A) against Genlyte; sexual harassment in violation of Mass. Gen. Laws ch. 214, § 1C ("Chapter 214") against Pacheco; and intentional interference with a contract against Pacheco. More specifically, Count II alleges that Pacheco, a "superior" of Rodrigues, sexually harassed him and subjected him to a hostile work environment by making unwelcome sexual advances toward him and by fabricating accusations of improper sexual advances by Rodrigues, leading to his termination. See Compl. ¶¶ 10-12. Count III alleges that Pacheco's "intentional and false accusations" against Rodrigues, made "with the improper motive of seeking harm to the plaintiff and to interfere with and terminate the contract of employment between the plaintiff and Genlyte," caused Rodrigues to be terminated. Id. ¶¶ 13-15.

Along with this Motion to Dismiss, Genlyte and Pacheco have filed a Notice of Removal, removing this case from Bristol Superior Court to the United States District Court for the District of Massachusetts. As stated in the Notice of Removal, since Rodrigues's claims against Pacheco should be dismissed, this Court has subject matter jurisdiction over this dispute because there exists complete diversity between Rodrigues and Genlyte. See 28 U.S.C. § 1332.

## II.   Argument

Under Chapter 151B, which makes it unlawful for employers to sexually harass employees, Chapter 151B, §§4(1)& 4(16A), any aggrieved employee must file an administrative charge with the MCAD before initiating a civil suit. See id., § 9. The exhaustion requirement applies to all claims of workplace discrimination, whether or not Chapter 151B is specifically evoked. Charland v. Muzi Motors, Inc., 417 Mass. 580, 585 (1994). Thus, an employee may not evade Chapter 151B's procedural requirements by recasting a discrimination claim as a violation of the Equal Rights Act, the Civil Rights Act, or any other statutory or common law right,

including Chapter 214. Green v. Wyman-Gordon Co. 422 Mass. 551, 555-557 (1996); Clarke v. Kentucky Fried Chicken of Cal., Inc., 57 F.3d 21, 26 (1st Cir. 1995).

In this case, that means that Count II of Rodrigues's Complaint must be dismissed because he never filed an administrative charge with the MCAD against Pacheco. It is immaterial that Rodrigues's claim against Pacheco is based on Chapter 214, instead of Chapter 151B. All claims of workplace discrimination are subject to the exhaustion requirements of Chapter 151B. Green, 422 Mass. at 555-557 (specifically rejecting argument that Chapter 214 invests Superior Courts with jurisdiction to consider non-exhausted claims of workplace sexual harassment). MCAD regulations require an aggrieved employee to identify all persons alleged to have committed the unlawful discriminatory acts. 804 C.M.R. § 1.03(4). "The dual purpose of the filing requirement is to provide the MCAD with an opportunity to investigate and conciliate a discrimination claim and to provide notice to an accused of a potential lawsuit." Wong v. City of Cambridge, No. 2001-2737-C, 2003 WL 1542117, * 4 (Mass. Super. Feb. 21, 2003). These purposes would be defeated if Rodrigues could sue Pacheco for sexual harassment, because the MCAD had no opportunity to reconcile any dispute between Rodrigues and Pacheco, and because Pacheco had no notice that she potentially could be sued.[3]

Count III of Rodrigues's Complaint should be dismissed because it is preempted by Chapter 151B. As stated earlier, Chapter 151B governs all claims of workplace sexual harassment in Massachusetts. Green, 422 Mass. at 555. This includes claims for intentional

---

[3] Mentioning Pacheco in the fact description of Rodriques's MCAD Charge is qualitatively different than naming her as a Respondent, which might have prompted her to hire an attorney and file a Position Statement with the MCAD. This lawsuit is the first instance in which Rodriques has asserted a claim against Pacheco individually. Cf. Diluca v. Communications & Power Indus, Inc., No. 00-02000, 2003 WL 21781564, *5 (Mass. Super. Ct. July 25, 2003) (barring claim of national origin discrimination where plaintiff's MCAD Charge did not have the national origin box checked).

At this point, it would be futile for Rodriques to bring a new administrative charge against Pacheco because more than 300 days has elapsed since the last allegedly discriminatory act; i.e., his termination on February 1, 2002. See Chapter 151B, § 5. This may explain why Rodriques invoked Chapter 214 instead of Chapter 151B in Count II.

interference with contractual relations, which are grounded in general claims of gender discrimination. Dorn v. Astra USA, 975 F. Supp. 388, 395 (D. Mass. 1997). Clearly, Rodrigues's claim that Pacheco interfered with his employment contract with Genlyte is grounded in his claims of gender discrimination, because he believes that the only reason why he was terminated was because of his gender. In light of this, Count III is preempted by Chapter 151B, which, as stated above, imposes an exhaustion requirement that Rodrigues did not satisfy.

### III.  Conclusion

For all the foregoing reasons, this Court should grant Pacheco's Motion to Dismiss, and dismiss Counts II and III of Rodrigues's Complaint with prejudice, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Respectfully Submitted,

KAREN PACHECO,
By her attorneys

_____
Timothy P. Van Dyck (BBO# 548347)
Mark B. Dubnoff (BBO# 637212)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA  02110
(617) 439-4444

July 1, 2004

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7(a)(2)

I, Mark B. Dubnoff, hereby certify that on July 1, 2004, I tried to confer with opposing counsel, Christopher Trundy, in a good faith effort to resolve or narrow the issues addressed in this motion by leaving a telephone message with his secretary. I did not receive a response from Mr. Trundy by the time of this filing.

_____
Mark B. Dubnoff

## CERTIFICATE OF SERVICE

    I, Mark B. Dubnoff, hereby certify that on this 1st day of July, 2004, I caused a copy of the foregoing document to be sent by first-class mail, postage prepaid, to Christopher Trundy, 240 Union St., P.O. Box 1203, New Bedford, MA 02741-1203.

_/s/ Mark B. Dubnoff_
Mark B. Dubnoff