UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAYMOND C. RODRIGUES,<br><br>Plaintiff,<br><br>v.<br><br>GENLYTE THOMAS GROUP LLC<br>d/b/a LIGHTOLIER, AND<br>KAREN PACHECO,<br><br>Defendants. | Civil Action No.<br><br>04-11512ML |

## ANSWER OF GENLYTE THOMAS GROUP LLC

Defendant Genlyte Thomas Group LLC ("Genlyte"),[1] by and through its attorneys, hereby files this Answer to the Complaint filed by Raymond C. Rodrigues ("Rodrigues") in Bristol Superior Court, which has since been removed to this Court.

1. Genlyte lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2. Genlyte denies that it is commonly known as Lightolier. Genlyte admits that it does business in Bristol County, Massachusetts.

3. Genlyte admits the allegations in Paragraph 3 of the Complaint, except that it denies that Pacheco is a proper defendant to this action..

**COUNT I (Sex Discrimination/Sexual Harrassment: Genlyte)**

4. Genlyte admits that it employed a Raymond C. Rodrigues, but denies that it employed a Raymond C. Rodrigues.

---

[1] As stated below, Genlyte denies that it does business as Lightolier. Lightolier, Inc. ceased to exist in 1991 when it merged into Genlyte Group, Inc. although the division still utilizes the "Lightolier" logo and brand on its letterhead. Then in April 1998, Genlyte Group, Inc. merged with Thomas Industries, Inc. to form Genlyte Thomas Group LLC.

5. Genlyte denies each and every allegation contained in Paragraph 5 of the Complaint.

6. Genlyte denies each and every allegation contained in Paragraph 6 of the Complaint.

7. Genlyte denies each and every allegation contained in Paragraph 7 of the Complaint, except that Genlyte admits that Raymond C. Rodrigues filed a Charge of Discrimination against Genlyte with the Massachusetts Commission Against Discrimination.

8. Genlyte denies each and every allegation contained in Paragraph 8 of the Complaint.

## COUNT II (Sexual Harrassment: Pacheco) and COUNT III (Intentional Interference with Contract)

No response by Genlyte to the allegations contained in Counts II and III, Paragraphs 9 through 16, inclusive, is required because (a) those allegations are directed toward Defendant Pacheco and (b) a Motion to Dismiss Counts II and III, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), is currently pending.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim against Genlyte upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot prevail on Count I because Pacheco was never his "superior" and he never made any complaints about Pacheco to a supervisory employee at Genlyte.

BOS_450748_1.DOC/MDUBNOFF

### THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot prevail on Count I because he was not a victim of sexual harassment or any other form of gender discrimination.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot prevail on Count I since he was properly terminated because of his harassment of Pacheco.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the doctrine of unclean hands, as he sexually harassed his co-worker, Pacheco.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any injury as a result of Genlyte's alleged conduct.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff, by his own acts and omissions, is estopped to recover judgment against Genlyte.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff was terminated for a legitimate, nondiscriminatory reason.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

BOS_450748_1.DOC/MDUBNOFF

WHEREFORE, Defendant Genlyte respectfully requests that the Complaint be dismissed with prejudice, that Genlyte be awarded its costs and attorneys' fees in having to defend this action, and that the Court grant such other relief as it deems just and appropriate.

          Respectfully Submitted,

          GENLYTE THOMAS GROUP LLC,
          By its attorneys

          _____
          Timothy P. Van Dyck (BBO# 548347)
          Mark B. Dubnoff (BBO# 637212)
          EDWARDS & ANGELL, LLP
          101 Federal Street
          Boston, MA 02110
          (617) 439-4444

July 1, 2004

## CERTIFICATE OF SERVICE

I, Mark B. Dubnoff, hereby certify that on this 1st day of July, 2004, I caused a copy of the foregoing document to be sent by first-class mail, postage prepaid, to Plaintiff's counsel, Christopher Trundy, 240 Union St., P.O. Box 1203, New Bedford, MA 02741-1203.

          _____
          Mark B. Dubnoff