MAS-20031124            **Commonwealth of Massachusetts**            07/19/2004
aguiarka            **BRISTOL SUPERIOR COURT**            10:22 AM
**Case Summary**
**Civil Docket**

*FILED CLERK'S OFFICE*
*04 JUL 20 P 11: 15*
*U.S. DISTRICT COURT*
*DISTRICT OF MASS*

## BRCV2004-00470
### Rodriques v Genlyte Thomas Group LLC d/b/a et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 05/05/2004 | **Status** | Disposed: transferred to other court (dtrans) | | |
| **Status Date** | 07/19/2004 | **Session** | C - CtRm Main - (Taunton) | | |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 08/03/2004 | **Answer** | 10/02/2004 | **Rule12/19/20** | 10/02/2004 |
| **Rule 15** | 10/02/2004 | **Discovery** | 03/01/2005 | **Rule 56** | 03/31/2005 |
| **Final PTC** | 04/30/2005 | **Disposition** | 06/29/2005 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Raymond C. Rodriques
Active 05/05/2004

**Private Counsel 555622**
Christopher C Trundy
240 Union Street
PO Box 1203
New Bedford, MA 02741-1203
Phone: 508-984-4000
Fax: 508-999-1670
Active 05/05/2004 Notify

**Defendant**
Genlyte Thomas Group LLC d/b/a
631 Airport Road
Fall River, MA 02720
Served: 06/15/2004
Served (answr pending) 06/23/2004

**Private Counsel 548347**
Timothy P Van Dyck
Edwards & Angell
101 Federal Street
Boston, MA 02110
Phone: 617-439-4444
Fax: 617-439-4170
Active 07/16/2004 Notify

**Private Counsel 637212**
Mark B Dubnoff
Edwards & Angell
101 Federal Street
Boston, MA 02110
Phone: 617-439-4444
Fax: 617-439-4170
Active 07/16/2004 Notify

**Defendant**
Lightolier
Active 05/05/2004

**Private Counsel 548347**
Timothy P Van Dyck
Edwards & Angell
101 Federal Street
Boston, MA 02110
Phone: 617-439-4444
Fax: 617-439-4170
Active 07/16/2004 Notify

Case 1:04-cv-11512-RBC   Document 7   Filed 07/20/2004   Page 2 of 10

MAS-20031124                    Commonwealth of Massachusetts                    07/19/2004
aguiarka                              BRISTOL SUPERIOR COURT                      10:22 AM
                                            Case Summary
                                            Civil Docket

## BRCV2004-00470
## Rodriques v Genlyte Thomas Group LLC d/b/a et al

**Private Counsel 637212**
Mark B Dubnoff
Edwards & Angell
101 Federal Street
Boston, MA 02110
Phone: 617-439-4444
Fax: 617-439-4170
Active 07/16/2004 Notify

**Defendant**
Karen Pacheco
631 Airport Road
Fall River, MA 02720
Served: 06/15/2004
Served (answr pending) 06/23/2004

**Private Counsel 548347**
Timothy P Van Dyck
Edwards & Angell
101 Federal Street
Boston, MA 02110
Phone: 617-439-4444
Fax: 617-439-4170
Active 07/16/2004 Notify

**Private Counsel 637212**
Mark B Dubnoff
Edwards & Angell
101 Federal Street
Boston, MA 02110
Phone: 617-439-4444
Fax: 617-439-4170
Active 07/16/2004 Notify

**Other interested party**
FILE COPY
Active 05/05/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 05/05/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 05/05/2004 | | Origin 1, Type B22, Track F. |
| 05/06/2004 | | Case selected for review pursuant to ST.1996.c358,s.5 |
| 06/23/2004 | 2.0 | SERVICE RETURNED (summons): Genlyte Thomas Group LLC, d/b/a Lightolier, service made on June 15, 2004 (in hand: Issie Belycer) |
| 06/23/2004 | 3.0 | SERVICE RETURNED (summons): Karen Pacheco, service made on June 15, 2004 (in hand) |
| 06/30/2004 | | One Trial case upon review of judge, case to remain in Superior Court. (Richard T. Moses, Justice) |
| 07/16/2004 | 4.0 | Notice for Removal to the United States District Court filed by Genlyte Thomas Group LLC d/b/a Lightolier, and Karen Pacheco |
| 07/19/2004 | | Case REMOVED this date to US District Court of Massachusetts with |

MAS-20031124  Case 1:04-cv-11512-RBC   Document 7   Filed 07/20/2004   Page 3 of 10   07/19/2004
aguiarka                    **Commonwealth of Massachusetts**                          10:22 AM
                                    BRISTOL SUPERIOR COURT
                                         Case Summary
                                         Civil Docket

# BRCV2004-00470
## Rodriques v Genlyte Thomas Group LLC d/b/a et al

| Date | Paper | Text |
|------|-------|------|
|      |       | (04-11512MLW) endorsement thereon |

### EVENTS

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 05/05/2004 | CtRm Main - (Taunton) | Status: by clerk | Event held as scheduled |
| 06/25/2004 | CtRm Main - (Taunton) | Initial one trial review Status: Clerk Follow UP | Event held as scheduled |

A True Copy By Photostatic Process
Attest:

*[signature]*
Asst. Clerk of Courts

# 1.

|  | COMMONWEALTH OF MASSACHUSETTS |
|---|---|
| BRISTOL, SS. | SUPERIOR COURT DEPARTMENT |
|  | NO. 04-C0470 |

MAY - 5 2004

RAYMOND C. RODRIQUES,
    Plaintiff,

v.

GENLYTE THOMAS GROUP LLC
d/b/a LIGHTOLIER and
KAREN PACHECO,
    Defendants.

## COMPLAINT
## AND DEMAND FOR TRIAL BY JURY

1.) The plaintiff Raymond C. Rodriques ("Rodriques") is a natural person and a resident of the Commonwealth of Massachusetts, Bristol County;

2.) The defendant Genlyte Thomas Group LLC ("Genlyte") is a corporate entity doing business in Bristol County, Massachusetts and commonly known as Lightolier;

3.) The defendant Karen Pacheco ("Pacheco") is an individual working in Bristol County and employed by defendant Genlyte;

**Count I (Sex Discrimination/Sexual Harassment: Genlyte)**

4.) The plaintiff was employed by the defendant Genlyte;

5.) The plaintiff was subjected to a hostile work environment on account of his gender and by a superior employee's sexual harassment while so employed;

6.) The defendant resisted improper advances by a superior and was terminated upon the false allegations of the superior made in retaliation for the plaintiff's resistance to the superior's improper sexual harassment ;

7.) The plaintiff made a timely complaint to the applicable administrative agencies and has

1

exhausted administrative prerequisites;

8.) The plaintiff was subject to sex discrimination and sexual harassment in violation of M.G.L. Chapter 151B, section 4(1) and section 4(16A) and lost income (back and front pay), benefits, suffered mental anguish, embarrassment and humiliation, all in violation of the statute, and is entitled to punitive damages for such intentional actions.

**Count II (Sexual Harassment: Pacheco)**

9.) The plaintiff hereby restates, incorporates and reavers allegations 1 though 8, above;

10.) The plaintiff was sexually harassed and subjected to a hostile work environment by the defendant Pacheco, a superior of the plaintiff;

11.) The plaintiff was injured in his employment as a result of the sexual harassment by defendant Pacheco, which included both sexual advances of an unwelcome nature as well as the fabrication of accusations of improper sexual advances by the plaintiff, leading to his termination;

12.) The plaintiff was subject to sexual harassment in violation of M.G.L. Chapter 214 s. 1C and lost income (back and front pay), benefits, suffered mental anguish, embarrassment and humiliation requiring, and is entitled to punitive damages.

**Count III. (Intentional interference with Contract)**

13.) The plaintiff was the subject of intentional and false accusations by the defendant Pacheco which she reported to the plaintiff's employer;

14.) The plaintiff was terminated as a direct result of the intentional and false accusations of Pacheco;

15.) Pacheco made the false allegations with the improper motive of seeking harm to the plaintiff and to interfere with and terminate the contract of employment between the plaintiff and Genlyte;

2



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RAYMOND C. RODRIGUES,                )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )   Civil Action No. C04-0440
                                     )
GENLYTE THOMAS GROUP LLC             )
d/b/a LIGHTOLIER, AND                )   04-11512 MLW
KAREN PACHECO,                       )
                                     )
        Defendants.                  )   MAGISTRATE JUDGE Collings
                                     )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Genlyte Thomas Group LLC d/b/a Lightolier ("Genlyte")[1] and Karen Pacheco ("Pacheco") hereby file this Notice of Removal. In connection therewith, the Defendants state as follows:

1.  State Court Action

Plaintiff Raymond C. Rodrigues ("Rodrigues") sued Genlyte for "sex discrimination/sexual harassment" and Pacheco for sexual harassment and intentional interference with a contract in the Superior Court of the Commonwealth of Massachusetts for Bristol County, Civil Action No. 2004-00470.

2.  Federal Jurisdiction

Rodrigues's Complaint alleges that he is a Massachusetts resident. (See Compl. ¶ 1.) Genlyte is a Delaware corporation with a principal place of business in Kentucky. Thus, there is complete diversity between Rodrigues and Genlyte, and this Court has subject matter jurisdiction

---

[1] Genlyte Thomas Group LLC denies that it does business as Lightolier. Lightolier, Inc. ceased to exist in 1991 when it merged into Genlyte Group, Inc. although the division still utilizes the "Lightolier" logo and brand on its letterhead. Then in April 1998, Genlyte Group, Inc. merged with Thomas Industries, Inc. to form Genlyte Thomas Group LLC.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAYMOND C. RODRIGUES,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>GENLYTE THOMAS GROUP LLC  )<br>d/b/a LIGHTOLIER, AND  )<br>KAREN PACHECO,  )<br>  )<br>Defendants.  )<br>  ) | Civil Action No. |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Genlyte Thomas Group LLC d/b/a Lightolier ("Genlyte")[1] and Karen Pacheco ("Pacheco") hereby file this Notice of Removal. In connection therewith, the Defendants state as follows:

1.   State Court Action

Plaintiff Raymond C. Rodrigues ("Rodrigues") sued Genlyte for "sex discrimination/sexual harassment" and Pacheco for sexual harassment and intentional interference with a contract in the Superior Court of the Commonwealth of Massachusetts for Bristol County, Civil Action No. 2004-00470.

2.   Federal Jurisdiction

Rodrigues's Complaint alleges that he is a Massachusetts resident. (See Compl. ¶ 1.) Genlyte is a Delaware corporation with a principal place of business in Kentucky. Thus, there is complete diversity between Rodrigues and Genlyte, and this Court has subject matter jurisdiction

---

[1]   Genlyte Thomas Group LLC denies that it does business as Lightolier. Lightolier, Inc. ceased to exist in 1991 when it merged into Genlyte Group, Inc. although the division still utilizes the "Lightolier" logo and brand on its letterhead. Then in April 1998, Genlyte Group, Inc. merged with Thomas Industries, Inc. to form Genlyte Thomas Group LLC.

over any dispute between them, pursuant to 28 U.S.C. § 1332. Rodrigues cannot defeat diversity by naming Pacheco as a defendant, because doing so constitutes a fraudulent joinder. See Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); Mills v. Allegiance Healthcare Corp., 178 F. Supp. 2d 1, 4-6 (D. Mass. 2001). As demonstrated in the Defendants' Verified Statement of Facts and Pacheco's Motion to Dismiss, being filed herewith, there is no possibility that the plaintiff can state a cause of action against Pacheco in state court. Although Rodrigues filed a Charge of discrimination with the MCAD against Genlyte, that Charge did not name Pacheco as a defendant. Nor did Rodrigues file a separate Charge against Pacheco. He, therefore, has failed to exhaust his administrative remedies against Pacheco, so he cannot sue her under either Mass. Gen. Laws ch.151B, §§ 4(1) and 4(16A), or ch. 214, § 1C. See Mass. Gen. Laws ch. 151B, § 5, ch. 214, § 1C; Clarke v. Kentucky Fried Chicken of Calif., Inc., 57 F.3d 2d 21, 29 (1st Cir. 1995).[2] Nor can he sue Pacheco for intentional interference with a contract, since that claim is preempted by Chapter 151B. See Mass. Gen. Laws ch.151B, § 9; Green v. Wyman-Gordon Co., 422 Mass. 551, 555 (1996); Dorn v. Astra USA, 975 F. Supp. 388, 395 (D. Mass. 1997). Consequently, removal to this Court is proper pursuant to 28 U.S.C. § 1441.

3.   Timeliness of Notice of Removal.

Defendants first received notice of the Complaint by receiving their respective Summonses and a copy of the Complaint on June 15, 2004. Removal of this action is, therefore, timely under 28 U.S.C. §1446(b).

---

[2]   The statute of limitations also has expired on any claims that Rodrigues might purport to have against Pacheco for sexual harassment. According to his MCAD Charge, the most recent discriminatory action took place on February 1, 2002. At the time, the statute of limitations for asserting a claim of sexual harassment before the MCAD was six months, and while the law has since been amended to expand the statute of limitations to 300 days, Mass. Gen. Laws ch.151B, § 5, as amended by St. 2002, c. 223, § 1, Rodrigues's claim against Pacheco would be untimely under either standard.

# Edwards & Angell LLP

101 Federal Street  Boston, MA 02110  617.439.4444  *fax* 617.439.4170

Mark B. Dubnoff
617.517.5533
*fax.* 1-888-325-9149
mdubnoff@EdwardsAngell.com

July 15, 2004

Civil Clerk's Office
Bristol Superior Court
9 Court Street
Taunton, MA  02780

Re:   Raymond C. Rodriques v. Genlyte Thomas Group, LLC, et al.
      Civil Action No. 04-00470-F

Dear Sir/Madam:

I have enclosed a copy of a Notice of Removal which was filed in the United States District Court in connection with the above-referenced matter. I am writing to request a certified copy of the docket in this matter. Please forward the certified copy either directly to the United States District Court, or to me. Please contact me with any questions.

Thank you for your assistance in this matter.

Sincerely,

Mark B. Dubnoff

Enclosure
cc:   Timothy P. Van Dyck, Esq.
      Christopher Trundy, Esq.

BOS_452807_1.DOC/MDUBNOFF

BOSTON  |  FT. LAUDERDALE  |  HARTFORD  |  NEW YORK  |  PROVIDENCE  |  SHORT HILLS, NJ  |  STAMFORD  |  WEST PALM BEACH  |  LONDON

#3.



BRISTOL, SS SUPERIOR COURT
FILED

JUN 2 3 2004

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

Form #41

## Commonwealth of Massachusetts

BRISTOL, ss.

SUPERIOR COURT
CIVIL ACTION
No. BRCV2004-00470-C

Raymond Rodriques, ............................., Plaintiff(s)

vs.

Genlyte Thomas Group, LLC.
d/b/a Lightolier and
Karen Pacheco, ............................., Defendant(s)

Whereas a civil action has been begun against you in our Superior Court, within and for the county of Bristol, by

and whereas it appears from the officer's return on process issued therein that after diligent search he can find no one upon whom he can lawfully make service, and after hearing it is ORDERED by the Court that the following summons issue for service upon you:

### SUMMONS

To the above-named Defendant: Karen Pacheco

You are hereby summoned and required to serve upon
        Christopher C. Trundy

plaintiff's attorney, whose address is   240 Union St., Box 1203, New Bedford, MA 02741 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Taunton either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DelVECCHIO, Esquire, at Taunton, the 5th

A True Copy By Photostatic Process
Attest:
_____
Asst. Clerk of Courts

_____
Clerk of Courts

ATTACHED HERETO AND MADE A PART HEREOF IS A TRUE COPY OF SAID PROCESS.

ATTACHED HERETO AND MADE A PART HEREOF IS A TRUE COPY OF ORDER RE: SERVICE.