UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RAYMOND C. RODRIGUES,)
)
Plaintiff,)
)
v.) C.A. No. 04-11512MLW
)
GENLYTE THOMAS GROUP LLC)
d/b/a LIGHTOLIER,)
)
Defendant.)

### DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES

Pursuant to Rules 33, 34 and 37 of the Federal Rules of Civil Procedure, Defendant Genlyte Thomas Group, LLC ("Genlyte"), submits this Motion to Compel Plaintiff's Discovery Responses.

### I. Introduction

This employment dispute was commenced on March 23, 2002 – over 2 ½ years ago. In his Complaint, Plaintiff, a male, brought a claim against Genlyte for sex harassment under Mass. Gen. Laws ch. 151B. Additionally, he brought claims against an employee of the company, Karen Pacheco ("Pacheco") for sexual harassment (Count II) and intentional interference with contractual relations (Count III). By Order of the Court (Wolf, J.) dated September 20, 2004, Counts II and III were dismissed. The only surviving claim is Plaintiff's claim against Genlyte for sex harassment under Mass. Gen. Laws ch. 151B (Count I).

On or about October 4, 2004, Genlyte served Plaintiff with its Rule 26(a) Initial Disclosures. Thereafter, on October 6, 2004, Genlyte served Plaintiff with its First Request for Production of Documents and its First Set of Interrogatories. Plaintiff's responses to Genlyte's

written discovery was due by no later than November 5, 2004. That deadline came and went with no response from the Plaintiff. As such, counsel for Genlyte sent a letter to Plaintiff's counsel on or about November 22, 2004 requesting when he would receive the discovery responses. (See Exhibit A). Plaintiff's counsel did not respond to this letter. Defense counsel, thereafter, attempted to contact Plaintiff's counsel by telephone on or about December 7, 2004; however, Plaintiff's counsel never returned the call.

As set forth below, Genlyte requests that its motion to compel be granted in full and that, pursuant to Fed. R. Civ. P. 37, Plaintiff be required to pay Genlyte its costs and reasonable attorneys fees incurred in having to bring this motion.

## II.   Argument

### A. Plaintiff Has Failed to Respond to Defendant's Interrogatories and Document Requests.

This case is well over 2 years old. Genlyte served Plaintiff with interrogatories and document requests back on October 6, 2004 -- over two months ago. Responses were due on November 5th. Plaintiff still has not produced one shred of discovery in this case. Nor has he sought any extensions of time within which to respond. Defendant needs this basic discovery to adequately prepare its defense.

As a general rule, failure to serve objections to discovery requests within the time period prescribed by rule operates a waiver of objection. Day v. Boston Edison Co., 150 F.R.D. 16, 21 (D. Mass. 1993); Willard v. Constellations Fishing Corp., 136 F.R.D. 28, 31 (D. Mass. 1991); Krewson v. City of Quincy, 120 F.R.D. 6 (D. Mass. 1988) (stating further that "any other result would ... completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences.)

In this case, Plaintiff has completely ignored his obligation to respond to Genlyte's discovery within the allotted time provided by the Rules of Civil Procedure. It is evident that Plaintiff is attempting to protract meaningful discovery from taking place in this case. Plaintiff should be found to have waived his objections, and should be required to produce all the information requested in the Interrogatories and Document Requests.

### III.     Conclusion

For the foregoing reasons, Defendant Genlyte Thomas Group, LLC, respectfully requests that its motion to compel discovery responses by Plaintiff be allowed in full and that Plaintiff be required, pursuant to Fed. R. Civ. P. 37, to pay Defendant its costs and reasonable attorneys' fees incurred in having to file this Motion, all in the form of the Proposed Order attached hereto as Exhibit B.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 37(a)(2)

I, Timothy P. Van Dyck, hereby certify that on November 22, 2004, I sent a letter to opposing counsel, Christopher Trundy, asking when I would be receiving the outstanding discovery responses, (Exhibit A). Thereafter, on the morning of December 7, 2004 I tried to contact Mr. Trundy by telephone in a good faith effort to secure the discovery responses without court action. He has not returned my telephone call.

_____
Timothy P. Van Dyck


GENLYTE THOMAS GROUP, LLC
d/b/a Lightolier

By its attorneys,

_____
Timothy P. Van Dyck (BBO# 548347)
Edwards & Angell, LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444

## CERTIFICATE OF SERVICE

I, Timothy P. Van Dyck, hereby certify that on December 14, 2004 I served a copy of the foregoing document upon Christopher Trundy, 240 Union St., P.O. Box 1203, New Bedford, MA 02741-1203 by first class mail, postage pre-paid.

_____
Timothy P. Van Dyck

# Edwards & Angell LLP

101 Federal Street   Boston, MA 02110   617.439.4444   *fax* 617.439.4170

Timothy P. Van Dyck
617.951.2254
*fax* 617.439.4170
tvandyck@edwardsangell.com

November 22, 2004

Christopher Trundy, Esq.
240 Union Street
P.O. Box 1203
New Bedford, MA  02741-1203

Re:   Raymond C. Rodrigues v. Genlyte Thomas Group, LLC d/b/a Lightolier,
Civil Action No. 04-11512MLW

Dear Mr. Trundy:

On October 6, 2004, we served you with document requests and interrogatories. Responses to those discovery requests were due on Friday, November 5, 2004.

As these discovery responses are now two weeks overdue, I would appreciate it if you would let me know as soon as possible when we can expect to receive your client's responses to these discovery requests.

I look forward to hearing from you.

Very truly yours,

Timothy P. Van Dyck

TPV/jmm

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAYMOND C. RODRIGUES,<br><br>   Plaintiff,<br><br>   v.<br><br>GENLYTE THOMAS GROUP LLC<br>d/b/a LIGHTOLIER,<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 04-11512MLW<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER ON DEFENDANT'S MOTION TO COMPEL DISCOVERY

Having reviewed Defendant's Motion to Compel Discovery, and Plaintiff's Opposition thereto, the Court hereby **ORDERS** that:

1. Plaintiff be required to submit to Defendant his Answers to Defendant's First Set of Interrogatories and Defendant's First Request for Production of Documents (along with the documents themselves) by no later than December __, 2004; and

2. Plaintiff is deemed to have waived any and all objections to Defendant's discovery requests; and

3. Defendant shall be entitled to its reasonable attorney's fees and costs incurred in having to file its motion to compel. Defendant shall submit its application for reasonable attorneys' fees and costs to the Court by no later than December __, 2004.

Dated: December ___, 2004            **SO ORDERED:**

 

_____
Magistrate Judge Collings

BOS_470634_1/TVANDYCK