UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RAYMOND C. RODRIQUES,
    Plaintiff,

v.                                  C.A. No. 04-11512-RBC

GENLYTE THOMAS GROUP LLC
d/b/a LIGHTOLIER and
KAREN PACHECO,
    Defendants.

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND CASE FOR LACK OF JURISDICTION

The defendants improperly removed the present case from the Massachusetts Superior Court. The case involved claims of violations of the plaintiff's rights under state law. The defendant removed the case and alleged "fraudulent joinder" of a non-diverse party, Karen Pacheco on the grounds that "the plaintiff can not state a claim against Pacheco in state court." Def. Notice of Removal, p. 2, line 5-6.

### I. THE PLAINTIFF HAS AN UNDISPUTED RIGHT TO PLEAD A CLAIM OF INTENTIONAL INTERFERENCE WITH CONTRACT AGAINST CO-WORKER PACHECO.

As is established below, the plaintiff has an unequivocal legal right to plead a claim for intentional interference with a contract against Pacheco in state court. While the allegation that the plaintiff may not proceed against Pacheco on a claim of sexual harassment on the grounds that she was not named in the MCAD complaint is subject to legitimate dispute (See, , there is simply no law to support the defendants' gross mis-statement in the Notice of Removal to the effect that "Nor can he sue Pacheco for intentional interference with a contract, since that claim is preempted by Chapter 151B."were preempted by M.G.L. Chapter 151B.[Defendants' **Notice of Removal**,

1

p. 2, lines 12-13]

In Comey v. Hill, 387 Mass. 11, 438 N.E.2d 811, 817 (1982), the Massachusetts Supreme Judicial Court directly addressed the question of whether c.151B preempted pre-existing state tort law, in particular a claim of interference with contract. The Court stated:

> Although G.L. c. 151B is a comprehensive statute in the sense that it covers various acts and practices where the possibility for discrimination is evident, we do not view the statute as tending to narrow or eliminate a person's common law rights where applicable. Thea statute broadens existing remedies rather than requiring resort to it as exclusive of all other remedies.

Id. 438 N.E.2d at 817.

In Melley v. Gillette Corp., 19 Mass.App.Ct. 511, 475 N.E.2d 1227 (1985) the Massachusetts Appeals Court declined an invitation to create a new common law remedy for a plaintiff without relief under Chapter 151B, but acknowledged the decision in Comey as preserving pre-existing common law tort remedies. Id. at 513, 1229.

In Charland v. Muzi Motors, Inc., 417 Mass. 580, 631 N.E.2d 555 (1994) the Supreme Judicial Court reiterated its Comey holding that an employee is not foreclosed by Chapter 151B from raising tort claim under common law principles established prior to the creation of Chapter 151B.

In the present case, the plaintiff has claimed that Karen Pacheco made false accusations against the plaintiff to his employer, Genlyte, with the improper motive of seeking to interfere with or terminate the plaintiff's employment. See, United Truck Leasing Corp. v. Geltman, 406 Mass. 811, 551 N.E.2d 20 (1990); Comey, supra; The plaintiff may file such a claim as it involves an intentional tort outside of the scope of employment of the co-worker. O'Connell v. Chasdi, 400 Mass. 686, 511 N.E.2d 349 (1987).

## II. THE PLAINTIFF'S CLAIM OF SEXUAL HARASSMENT IS NOT DISPOSED OF SOLELY BECAUSE PACHECO WAS NOT A NAMED PARTY AT THE MCAD.

The defendants have taken the position that the fact that the MCAD complaint did not name Pacheco in the heading section is fully dispositive of the claim to the extent that the claim asserts a fraudulent pleading. This is simply not so. The MCAD complaint identified Pacheco and asserted allegations of sexual harassment against her.

Sexual harassment claims may be brought against individuals who were not named at the MCAD as long as their conduct was put at issue in the MCAD charge, they had notice of the charge and they had an opportunity to participate in the defense of the charge. Chatham v. Gentle Dental Ctr. Of Waltham, 973 F.Supp. 228, 234-35 (D.Mass. 1997); LeClerc v. Interstate Distribution, Inc., No. 97-2008 (Mass.Super. Feb. 11, 1998; Cf. King v. First, 46 Mass.App.Ct. 372, 705 N.E.2d 1179 (1999)

Thus, it is not clear from the pleadings that the claim and joinder of the party is "without any reasonable basis in fact and without any purpose to prosecute the cause in good faith against the [defendant]". Mills v. Allegiance Heathcare Corp., 178 F.Supp.2d 1 (D.Mass. 2001). Karen Pacheco is the central actor in the termination of the plaintiff, his filing of a complaint with the MCAD, and is essential to the resolution of all of the claims stated in the complaint. She is not a "non-diverse defendant 'having no real connection with the controversy'". Id. at 4.

Consequently, the plaintiff is entitled to allowance of the motion and remand of the action to the Court of original jurisdiction.

RESPECTFULLY SUBMITTED,

                                        Christopher C. Trundy
                                        240 Union St.
                                        P.O. Box 1203
                                        New Bedford, MA 02741-1203
                                        (508) 984-4000
                                        BBO# 555622

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this motion and memorandum upon defendants' counsel by mail this date to:

Timothy P. Van Dyck
EDWARDS & ANGELL
101 Federal St.
Boston, MA 02110

                                        Christopher C. Trundy
                                        01/20/05