UNITED STATES DISTRICT COURT ~~FILED~~ ~~CLERKS OFFICE~~
DISTRICT OF MASSACHUSETTS

2005 FEB 14  P 3: 42

U.S. DISTRICT COURT
DISTRICT OF MASS.

RAYMOND C. RODRIQUES,
      Plaintiff,

v.                                     C.A. No. 04-11512-RBC

GENLYTE THOMAS GROUP LLC
d/b/a LIGHTOLIER and
KAREN PACHECO,
      Defendants.

## PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND CASE FOR LACK OF JURISDICTION

As asserted in the plaintiff's motion and memorandum, it is clear that the defendants improperly removed the present case from the Massachusetts Superior Court and continue to assert unsupported legal theories in an effort to "steer state law into unprecedented configurations." Mills v. Allegiance Heathcare Corp., 178 F.Supp.2d 1, 9 (D.Mass. 2001) quoting Santiago v. Sherwin Williams Co., 3 F.3d 546, 549 (1st Cir. 1993).

## I. THE DEFENDANTS IMPROPERLY CLAIM THAT THE PLAINTIFF HAS NO RIGHT TO PLEAD A CLAIM OF INTENTIONAL INTERFERENCE WITH CONTRACT AGAINST CO-WORKER KAREN PACHECO.

The defendants continue to assert that the plaintiff has no right to assert a common law tort claim of intentional interference with contract against defendant Pacheco because such a claim is, they assert, preempted by Chapter 151B. [Notice of Removal, p. 2] This statement is a gross mis-statement of the law of the Commonwealth of Massachusetts, as well as the specific dictates of the Massachusetts Supreme Judicial Court on this very question. Furthermore, this Court must view all factual allegations in the light most favorable to the plaintiff and must resolve

all substantive factual issues in favor of the plaintiff. Bellorin v. Bridgestone-Firestone, Inc., 236

F.Supp. 670 (W.D. Tex. 2001). The defendants carry the burden of proof. Wilds v. United Parcel

Services, Inc., 262 F.Supp.2d 163 (2003).

The substantive law clearly supports Massachusetts resident Raymond Rodriques' right to

pursue the claim of intentional tortious interference with contractual relations against fellow

Massachusetts resident and co-worker, Karen Pacheco. [Count III of the complaint] The

defendants continue to assert unclear claims of preemption of the claim by M.G.L. Chapter 151B

and/or a requirement that the claim be administratively exhausted with the Massachusetts

Commission Against Discrimination. Both assertions of Massachusetts law are plainly erroneous.

In Comey v. Hill, 387 Mass. 11, 438 N.E.2d 811, 817 (1982), the Massachusetts Supreme

Judicial Court directly addressed the question of whether c.151B preempted pre-existing state tort

law, in particular a claim of interference with contract. The Court stated:

> Although G.L. c. 151B is a comprehensive statute in the sense that it covers
> various acts and practices where the possibility for discrimination is evident, we do
> not view the statute as tending to narrow or eliminate a person's common law
> rights where applicable. Thea statute broadens existing remedies rather than
> requiring resort to it as exclusive of all other remedies.

Id. 438 N.E.2d at 817.

Despite the Supreme Judicial Court's explicit clarification of the relationship between

Chapter 151B and pre-existing tort law, the defendants casually dismiss the Court's analysis in

favor of an unsupported interpretation of cases. The defendants go further and state that in

Charland v. Muzi Motors, Inc., 417 Mass. 580, 631 N.E.2d 555 (1994) the Supreme Judicial

Court "supports Pacheco's position that Chapter 151B preempts other causes of action grounded

in claims of employment discrimination." [Defendant's Memo in Opposition, p. 10]

In fact the Supreme Judicial Court reiterated its <u>Comey</u> holding that an employee is not foreclosed by Chapter 151B from raising tort claim under common law principles established prior to the creation of Chapter 151B:

> "In **Comey v. Hill, supra 387 Mass. at 20, 438 N.E.2d 811,** we ruled that an employee was not foreclosed by c. 151B from raising a tort claim under common law principles established prior to the adoption of c.151B" [bold in original]

<u>Charland</u> at 417 Mass. 586, 631 N.E.2d 559.

The defendants' cite <u>Green v. Wyman-Gordon Co.,</u> 422 Mass. 551, 664 N.E.2d 808 (1996) for the proposition that "Rodriques cannot evade Chapter 151B's procedural requirements by recasting his claims against Pacheco as other forms of tortious conduct." [Memo Opp. p. 9]. This statement mis-states the holding of the <u>Green</u> case and mis-characterizes the claim of Rodriques against Pacheco. In <u>Green,</u> the Supreme Judicial Court addressed the relationship of two statutes relating to sexual harassment. The Court did not address any claim of Intentional Interference with Contract. The Court determined that common law claims, such as intentional infliction of emotional distress, negligent infliction of emotional distress were not preempted by Chapter 151B. <u>Id</u>. 422 Mass. at 558, 664 N.E.2d at 813 (those claims were, however, barred by exclusivity of workers' compensation act, M.G.L. Chapter 152, not alleged here). The Court specifically reiterated its holding in <u>Comey v. Hill, supra,</u> that "..not all ...common law claims are barred under c. 151B." <u>Id.</u> It is clear from <u>Green</u> that Chapter 151B does not preempt all potential tort claims, even such claims arising directly out of the discriminatory conduct.

In the present case, the plaintiff has claimed that Karen Pacheco made false accusations against the plaintiff to his employer, Genlyte, with the improper motive of seeking to interfere

with or terminate the plaintiff's employment. See, United Truck Leasing Corp. v. Geltman, 406

Mass. 811, 551 N.E.2d 20 (1990); Comey, supra. The count, as drafted, does not claim that such

activity constituted "sexual harassment" and makes no allegations relative to the sexual

harassment otherwise alleged by the plaintiff at the hands of Pacheco. In fact, for such a claim to

be "recast" allegations of sexual harassment, the defendant Genlyte would necessarily argue and

assert caselaw to the effect that a false allegation of sexual harassment to a third party or an

employer itself constitutes sexual harassment. There is no such authority. Clearly, the plaintiff

can seek relief against Pacheco for a false allegation to management (of sexual harassment or

otherwise) made with the improper motivation of seeking a termination of his employment. This is

clearly a common law claim of Intentional Interference with Contract which is not grounded

simply in Rodriques claim that Pacheco, in his presence and at other times, separately harassed

him directly in the course of his employment. Further, the caselaw establishes the claim of tortious

interference with the employment contract as one of the only common law claims exempted from

workers compensation exclusivity. O'Connell v. Chasdi, 400 Mass. 686 (1987). This is precisely

what the plaintiff has alleged, and it is far beyond the scope of Chapter 151B and the intent of that

act, which is to seek resolution of discrimination claims within the administrative framework and

the working of the Massachusetts Commission Against Discrimination. Green, supra. The

defendants seek to "steer state law into unprecedented configurations" by suggesting that any

person falsely accused of sexual harassment by a co-worker must bring a claim under Chapter

151B at the MCAD. This is a self-serving and preposterous twisting of the intent of the state anti-

discrimination statute, a misreading of the relevant caselaw, and a deprivation of the rights of

Raymond Rodriques to be free of unlawful interference with his employment by the making of

4

false allegations of any kind designed to jeopardize his employment.

The only case cited by the defendants in which a claim of Intentional Interference with contractual relations is seemingly deemed barred by Chapter 151B preemption is <u>Dorn v. Astra USA</u>, 975 F.Supp 388 (D. Mass. 1997). The case is unavailing for a number of reasons. First, the holding of the case precludes the Court reaching the question of preemption. The Court held that the plaintiff's releases running to defendants were enforceable, thus dismissing all claims. Second, the district court Judge failed to address and apply the principle established under <u>Comey v. Hill,</u> <u>supra,</u> and as such the dicta of the case that the Chapter 151B "procedural prerequisites may not be bypassed by reconstituting a sexual harassment claim as a violation [of statutes] or as a ***new*** common law claim." [emphasis added] <u>Id</u>. at 395. In the case, the Judge opines that numerous claims would be preempted. He does not address the specifics of any of the claims. The dicta of this federal court judge is clearly suspect as a fair reading of Massachusetts law on this narrow issue.

Most importantly, the case is distinguishable because, as shown above, the claim of Mr. Rodriques that Karen Pacheco made false allegations against him with the improper intent to cause termination of Rodriques employment, resulting in Rodriques loss of employment, are not allegations of sexual harassment, but are a clearly stated and sufficiently plead claim of intentional interference with contract. <u>United Truck Leasing Corp. v. Geltman,</u> <u>supra</u>. There are no such factual allegations in the <u>Dorn</u> case.

The present matter stands in contrast to a case in which it is claimed that the sexual harassment directed at the employee in the course of employment is itself an intentional interference with the employment contract. While it is not at all clear that the law precludes the

common law tort in such a case, despite the <u>Dorn</u> dicta, such is not the case here, where the

alleged interference are completely separate actions, factually and legally, from the alleged

conduct of Pacheco directed at Rodriques in his presence(and which he alleges to be sexual

harassment..

Notably, one can bank on the fact that defendant Genlyte will assert in a future motion for

summary judgement that it can not be liable for the termination of the plaintiff because any false

information was generated by Karen Pacheco, and its agents simply relied upon the (for the

purpose of the motion) false statements when the decision to terminate was made. Further, to the

extent that Pacheco is deemed an agent of employer Genlyte, one can rest assured that Genlyte

will argue that any damages resulting from Pacheco's allegations, while containing allegations of

sexual harassment, are not within Chapter 151B.

It is clear that Rodriques does not have to prove the elements of sexual harassment against

Pacheco to prevail in a claim of intentional interference with contract for the making of false

allegations to an opposite party in contract. Put another way, Rodriques may prove that he was

terminated on the basis of false allegations by Pacheco without proving that Pacheco sexually

harassed him at other times. As such, the claim stands on its own, is inextricably intertwined with

the fact of Rodriques termination by the non-diverse defendant Genlyte, and is a claim under state

law between two residents of Massachusetts upon which the United States District Court has no

subject matter jurisdiction.

## II. THE DEFENDANT'S CLAIM OF WAIVER IS NOT SUPPORTED BY THE JURISDICTIONAL STATUTE.

The defendants have taken the position that the plaintiff was required to litigate the case

on the merits in the District Court in order to preserve a claim of lack of jurisdiction; or at least

to assert the question of jurisdiction within a time frame acceptable to the defendants. This

argument is flawed. It is axiomatic that the federal courts are courts of limited jurisdiction, and

that jurisdiction is subject to review upon motion by a party or the Court itself.

Nevertheless, the delay in this matter, as defendant's counsel is aware, is at least in part

due to multiple efforts on the part of plaintiff's counsel to confer with defendant's counsel relative

first to the motion to dismiss, secondly to seek assent to a motion to file a late opposition to the

motion to dismiss (upon receiving a call from Judge Wolf's clerk that such a motion had in fact

been filed), then, to seek conference relative to the present motion. Further, a careful reading of

the defendants' Notice of Removal and Motion to Dismiss suggests(as did defendant's counsel),

alternately, that the defendants' contention is that Chapter 151B preempts claims of any kind

against Pacheco or that it requires that MCAD administrative exhaustion applies to all claims,

including under the common law, against Pacheco. The result is a moving target and the

requirement of extensive legal research on several fronts in preparation for the motion to remand.

Ultimately, the Congress of the United States of America resolved the issues relative to

timing of the motion. 28 U.S.C. s.1447(c) states that "If at any time before final judgment it

appears that the District Court lacks subject matter jurisdiction, the case shall be remanded."

There can be no waiver of lack of subject matter jurisdiction by parties to a suit in federal

court. In Re Carter, 618 F.2d 1093 (5th Cir. 1980) cert. den. 450 U.S.949, 101 S.Ct. 1410, 67

L.Ed.2d 378. Callaway v. G.S.P., Inc., 793 F.Supp. 133,134 (S.D.Tex. 1992).

An absence of complete diversity will result in dismissal of a case for lack of subject

matter jurisdiction predicated upon diversity. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 26 L.Ed

435 (1806). A challenge to diversity jurisdiction is a challenge to the original subject matter

jurisdiction of the Court. <u>Ragas v. Tennessee Gas Pipeline Co.</u>, 136 F.3d 455 (5th Cir. 1998) An

absence of diversity of citizenship jurisdiction goes to subject matter jurisdiction and may be

raised at any time. <u>Metroplex Infusion Care, Inc. v. Lone Star Container Corp.</u>. 855 F. Supp. 897

(N.D.Tex. 1994) In fact, the Court retains an obligation to remand matters <u>sua sponte</u> when

subject matter jurisdiction is apparently lacking. <u>O'Brien v. Powerforce, Inc.</u>, 939 F.Supp. 774

(D.Hawaii 1996).


## III. THE DISTRICT COURT LACKED JURISDICTION TO ADJUDICATE THE CLAIMS BETWEEN RODRIQUES AND PACHECO.

It is clear from the above analysis of the facts of the case, the relevant caselaw interpreting

Massachusetts tort and anti-discrimination law, and the jurisdictional prerequisites of the federal

courts, that the United States District Court had no original jurisdiction to adjudicate the state law

claims between Massachusetts residents Rodriques and Pacheco. Consequently, the action of the

Court on the Motion to Dismiss is without effect. The failure of the plaintiff to litigate a matter

lacking in jurisdiction can not confer jurisdiction on this Court. <u>In Re Carter</u>, <u>supra</u>.

Consequently, the plaintiff is entitled to allowance of the motion to vacate all order of the

Court and remand of the action to the Court of original jurisdiction.

RESPECTFULLY SUBMITTED,

Christopher C. Trundy
240 Union St.
P.O. Box 1203
New Bedford, MA 02741-1203
(508) 984-4000
BBO# 555622

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this motion and memorandum upon defendants' counsel by mail this date to:

Timothy P. Van Dyck
EDWARDS & ANGELL
101 Federal St.
Boston, MA 02110

Christopher C. Trundy
02/11/05