# United States District Court
# District of Massachusetts

RAYMOND V. RODRIGUES,
    Plaintiff,

    V                          CIVIL ACTION NO. 2004-11512-RBC

GENLYTE THOMAS GROUP LLC
    d/b/a/ LIGHTOLIER,
KAREN PACHECO,
    Defendants.

## *MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION TO REMAND FOR LACK OF JURISDICTION (#15)*

COLLINGS, U.S.M.J.

### *I. Introduction*

This matter is before the Court on the plaintiff's, Raymond C. Rodrigues', motion to remand for lack of jurisdiction pursuant to 28 U.S.C. § 1447(c). (#15). The plaintiff originally filed this action in Bristol County (Massachusetts) Superior Court on May 5, 2004, claiming that he was sexually harassed while an employee of the defendant, Genlyte Thomas Group LLC

d/b/a/ Lightolier ("Genlyte").  He asserts claims of sex discrimination and sexual harassment against Genlyte (#1, Complaint – Count I) and claims of sexual harassment (Count II) and intentional interference with contract (Count III) against the individual defendant Karen Pacheco ("Pacheco").  On July 1, 2004, Genlyte and Pacheco (hereafter "the defendants") filed a notice of removal to the United States District Court pursuant to 28 U.S.C. § 1441 and § 1446. (#1).  Pacheco simultaneously filed a motion to dismiss all claims against her. (#2).  Genlyte asserts that federal subject matter jurisdiction is anchored in 28 U.S.C. § 1332 because complete diversity exists between Rodrigues, a Massachusetts citizen, and Genlyte, a Delaware corporation with its principal place of business in Kentucky. (#1 at 1).  Although Pacheco is a Massachusetts resident (#1, Complaint ¶ 3), and thus shares citizenship with the plaintiff, the defendants maintain that diversity jurisdiction exists because Pacheco was fraudulently joined as a defendant in this action. (#1 at 2).  The plaintiff never submitted an opposition to Pacheco's motion to dismiss.  On September 18, 2004, Judge Wolf, the district court judge to whom the case was then assigned, granted Pacheco's motion to dismiss.[1]  On January 21, 2005,

---

[1] On December 16, 2004, with the parties' consent this case was referred and reassigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to 28 U.S.C. § 636(c).

Rodrigues filed the present motion to remand this case (#15), arguing that the defendants improperly removed this action, and that this Court lacks subject matter jurisdiction because Pacheco is properly joined as a defendant. Genlyte has filed a Memorandum in Opposition to Plaintiff's Motion to Remand (#18), essentially reiterating the arguments previously made in its notice of removal and in Pacheco's motion to dismiss. The plaintiff has filed a reply memorandum (#19) and the motion to remand is therefore ripe for disposition.

## II. Discussion

### A. Remand, Waiver and Other Preliminary Considerations

The plaintiff has moved pursuant to 28 U.S.C. § 1447(c) to remand this case to state court. That section states in relevant part:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Here, the plaintiff does not argue that the removal petition was procedurally defective; he argues that removal was improper because the Court lacked subject matter jurisdiction *ab initio*. Pacheco, the plaintiff asserts, is a proper defendant in this action and complete diversity is therefore lacking.

The remand statute is clear that a motion to remand may be made at any time prior to the entry of final judgment. *See* 28 U.S.C. § 1447(c). However, there is an additional wrinkle here. Along with the defendants' notice of removal, Pacheco filed a motion to dismiss. The plaintiff never responded to that motion to dismiss, and on September 18, 2004, Judge Wolf granted the motion to dismiss all claims against Pacheco, the only Massachusetts defendant. Thus, the Court first examines Genlyte's preliminary argument, *viz.,* that Rodrigues has waived any challenge to Pacheco's dismissal from the suit by failing to file an opposition to Pacheco's motion to dismiss, as required by Local Rule 7.1(b)(2),[2] and by failing to move previously for reconsideration of the Court's dismissal of the claims against Pacheco.

Federal courts are courts of limited jurisdiction and therefore are obligated to police their own jurisdiction. *See Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005). Subject matter jurisdiction "'is never presumed.'" *Id.* (quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998)). Here, the plaintiff seeks remand on the theory that the district court lacked jurisdiction

---

[2] Local Rule 7.1(b)(2) provides in relevant part: "*Submission of Opposition to a Motion.* A party opposing a motion, shall file an opposition to the motion within (14) days after service of the motion . . . ."

to enter the dismissal and the judgment is therefore void. Thus, although the plaintiff did not specifically invoke Fed. R. Civ. P. 60 (b)(4), which grants relief for a judgment or order that is void because the rendering court lacks jurisdiction, *see, e.g., Hoult v. Hoult,* 57 F.3d 1, 6 (1st Cir. 1995), his motion to remand encompasses such an argument, and the Court will consider the plaintiff's argument pursuant to this Rule. *See e.g., M & K Welding, Inc. v. Leasing Partners, LLC*, 386 F.3d 361, 363 n.2 (1st Cir. 2004) (applying Rule 60(b)(4) although parties did not invoke Rule where party attacked default judgment as void for lack of personal jurisdiction); *Fafel*, 399 F.3d at 409 (same). *Cf. also Farm Credit Bank of Baltimore v. Ferrera-Goitia*, 316 F.3d 62, 67 (1st Cir. 2003) (a judgment is void pursuant to Rule 60(b)(4) if the rendering court lacked subject matter jurisdiction); *United States v. One Rural Lot No. 10,356*, 238 F.3d 76, 78 (1st Cir. 2001) ("A judgment is void, and therefore subject to relief under Rule 60(b)(4), only if the court that rendered judgment lacked jurisdiction . . . .") (internal quotations and citation omitted).

Further, because the merits of the motion to dismiss are so closely intertwined with the jurisdictional question, Genlyte's argument that the plaintiff waived his right to challenge the dismissal of the claims against

Pacheco is tantamount to arguing that the plaintiff has waived his right to challenge the Court's subject matter jurisdiction–and, of course, a federal court may not acquire subject matter jurisdiction through waiver or estoppel, and "'a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings.'" *Fafel*, 399 F.3d at 410 (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099 (1982)). Rather, motions to set aside a judgment for lack of jurisdiction may be made at any time. *Sea-Land Service, Inc. v. Ceramica Europa II, Inc.*, 160 F.3d 849, 852 (1st Cir. 1998) (and cases cited). The plaintiff's failure to challenge the dismissal and subject matter jurisdiction four months after the order of dismissal does not, standing alone, provide a basis for denying a Rule 60(b)(4) motion. *See id.*

Furthermore, the First Circuit has noted that "it is not clear whether Local Rules for the District of Massachusetts require a non-moving party to respond to a motion to dismiss," *Pomerleau v. West Springfield Public Schools*, 362 F.3d 143, 146 (1st Cir. 2004), and indeed that the Court's own "caselaw points in different directions on this question." *Id.* (citing cases). The First Circuit has also stated that "'the mere fact that a motion to dismiss is unopposed does not

relieve the district court of the obligation to examine the complaint itself to see whether it is formally sufficient to state a claim.'" *Pomerleau*, 362 F.3d at 146 (quoting *Vega-Encarnacion v. Babilonia*, 344 F.3d 37, 41 (1st Cir. 2003)). Further, "[t]his obligation means that a court may not automatically treat a failure to respond to a 12(b)(6) motion as a procedural default." *Id.* (and cases cited). Here, the previous order of dismissal did not reference the local rule, and did not reach the merits of the motion to dismiss or the jurisdictional question. For that reason and because, as noted, the merits of Pacheco's motion to dismiss go to the heart of the fraudulent joinder and jurisdictional questions, the proper course, despite the plaintiff's unexplained dilatoriness, is to examine the merits of the fraudulent joinder issue.[3] Indeed, a district court, in deciding a motion challenging subject matter jurisdiction brought under Rule 60(b)(4), "'ha[s] no discretion because a judgment is either void or it is not.'" *Fafel,* 399 F.3d at 409-410. *See also* 11 *Wright, Miller & Kane, Federal Practice and*

---

[3] Under *Cook v. McLaughlin*, 917 F. Supp. 79, 81 (D. Mass. 1996), a case on which Genlyte relies, the consequence of filing an untimely opposition to a motion to dismiss under Local Rule 7.1(b)(2) is that the opposition papers be stricken. The *Cook* Court nevertheless examined the merits of the motion to dismiss. *Cf. also Cronin v. Commonwealth of Mass.*, 2004 WL 224565, *1 (D. Mass. 2004) (relying on Local Rule 7.1B(2) in denying motion to reconsider dismissal of action, but considering merits). Though the Court in no way condones the plaintiff's failure to move more quickly for a reconsideration of the order of dismissal, the Court is also mindful that, under First Circuit law, the "lack of response to a motion to dismiss does not, without more, justify [the] severe sanction [of dismissal]." *Pomerleau*, 362 F.3d at 145 n.1 (citation omitted). Furthermore, as noted, both the remand statute and Rule 60(b)(4) do not impose time restrictions.

*Procedure: Civil 2nd* § 2862, at 322-323.

### B. Standard for Fraudulent Joinder

In general, a federal court has diversity jurisdiction only when complete diversity exists between the parties. *See, e.g., Casas Office Machines, Inc. v. Mita Copystar Machines, Inc.*, 42 F.3d 668, 673 (1st Cir. 1994). Thus, if any plaintiff and any defendant share citizenship of the same state, diversity is incomplete and federal jurisdiction is lacking. *Id.* The parties do not dispute that Pacheco and Rodrigues share the same citizenship. Thus, if Pacheco was properly joined, diversity in this case is lacking.

The doctrine of fraudulent joinder is meant to prevent the improper joinder of a party in order to defeat federal jurisdiction. *See Carey v. Board of Governors of the Kernwood Country Club*, 337 F. Supp.2d 339, 341 (D. Mass. 2004). "The linchpin of the fraudulent joinder analysis is whether the joinder of the non-diverse party has a reasonable basis in law and fact." *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp.2d 1, 4 (D. Mass. 2001). "'In order to show that naming a non-diverse defendant is a 'fraudulent joinder' effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's

pleadings, *or* that there is no possibility, based on the pleadings, that the plaintiff can state a cause of action against the non-diverse defendant in state court.'" *Mills,* 178 F.Supp.2d at 5 (quoting *Whitaker v. American Telecasting, Inc.,* 261 F.3d 196, 207 (2nd Cir. 2001)). The burden is a "heavy one." *Fabiano Shoe Co. v. Black Diamond Equip., Ltd.*, 41 F. Supp.2d 70, 71 (D. Mass. 1999) (citing *Coughlin v. Nationwide Mut. Ins. Co.,* 776 F.Supp. 626, 628 (D. Mass. 1991)). *See also* 16 *Moore's Federal Practice*, § 107.14[2][c] (Matthew Bender 3d ed.). In determining whether a joinder is fraudulent, the Court should resolve all factual and legal ambiguities in favor of the plaintiff. *Mills,* 178 F. Supp.2d at 6 (citing *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 357 (5th Cir. 1999), *cert. denied,* 528 U.S. 1155 (2000)). *Accord Briarpatch Ltd. L.P. v. Phoenix Pictures Inc.*, 373 F.3d 296, 302 (2nd Cir. 2004), *cert. denied*, –U.S.–, 125 S.Ct. 1704 (2005). In addition, "the removal and diversity jurisdiction statutes should be strictly construed against federal jurisdiction to avoid infringing the rights of state courts to determine matters of state law." *In re Massachusetts Diet Drug Litigation*, 338 F. Supp.2d 198, 202 (D. Mass. 2004) (and cases cited). Further, "[a]ny doubts concerning the court's jurisdiction should be resolved against removal and in favor of remand to the state court." *In re Massachusetts*

*Diet Drug Litigation*, 338 F. Supp.2d at 202 (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3rd Cir. 1990), *cert. denied,* 498 U.S. 1085 (1991)).

### C. Disposition

Rodriguez has asserted two claims against Pacheco: one for sexual harassment pursuant to Mass. Gen. L. c. 214, § 1C (Count II) and one for intentional interference with contract (Count III). Genlyte argues that there is no possibility that Rodrigues will be able to state a cause of action against Pacheco in state court. (#1 ¶ 2) First, it argues that Rodrigues has failed to exhaust his administrative remedies pursuant to Mass. Gen .L. c. 151B by failing to name Pacheco as a respondent in the administrative charge;[4] and second, it argues that Count III is preempted by c. 151B. The Court will address each argument in turn.

---

[4] Although Rodrigues' complaint asserts a claim against Pacheco pursuant to Mass. Gen. L. c. 214, §1C, that provision is also subject to Mass. Gen. L. c. 151B's exhaustion requirements. *Green v. Wyman-Gordon Co.*, 422 Mass. 551, 555, 664 N.E.2d 808, 811 (1996).

### 1. *Chapter 151B and exhaustion of administrative remedies*

Genlyte argues that Rodrigues has no colorable claim against Pacheco under c. 151B because he failed to name Pacheco as a respondent in his administrative charge to the Massachusetts Commission Against Discrimination ("MCAD"). That failure, however, is not necessarily fatal to Rodrigues' ability to file suit against Pacheco. *See, e.g., Nahigian v. Leonard*, 233 F. Supp.2d 151, 164 n.4 (D. Mass. 2002): "Federal district courts have held that failure to name a related party does not compel dismissal if the party's conduct is put at issue and she is put on notice and able to participate in the Massachusetts Commission Against Discrimination investigation, thus having an opportunity to conciliate the charge before any lawsuit." *Id.* (citing *Chapin v. Univ. of Mass. at Lowell,* 977 F. Supp. 72, 76 (D. Mass. 1997)). *See also Fink v. Printed Circuit Corp.*, 204 F. Supp.2d 119, 129 (D. Mass. 2002) (stating that "the clear weight of authority holds . . . that the failure to name a party in an administrative charge need not preclude a subsequent lawsuit if that charge, read as a whole, gave the party notice of the alleged discriminatory conduct and an opportunity to participate in the MCAD proceeding.") (citation omitted). Here, Rodrigues

specifically mentioned Pacheco in the fact section of the administrative charge. Thus, the Court concludes that Pacheco's conduct was put at issue in the charge. The plaintiff has not alleged that Pacheco received notice of the charge or had an opportunity to conciliate, and courts have dismissed c. 151B claims under these circumstances. *See, e.g., Fink,* 204 F. Supp.2d at 129. The Court notes, however, that in analyzing fraudulent joinder, the standard is whether Genlyte has established with clear and convincing evidence that, based on the pleadings, no possibility for recovery exists. The difficult question here is how this standard ought to affect the Court's analysis when, under a Rule 12(b)(6) motion, the Court might well conclude that Rodrigues had failed to state a claim because he has not alleged that Pacheco had notice of the charge or an opportunity to conciliate.[5] The Court need not resolve this difficult question, however, because it determines below that the plaintiff has stated a colorable state law claim against Pacheco for interference with contractual relations.

*2. Interference with Contractual Relations*

---

[5] Although the First Circuit has noted that "a finding of fraudulent joinder bears an implicit finding that the plaintiff has failed to state a cause of action against the fraudulently joined defendant . . .," *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983), it has not elaborated on this statement, nor has it had an opportunity to develop the fraudulent joinder standard. A number of authorities suggest that the fraudulent joinder standard is even more favorable to the plaintiff than the motion to dismiss standard. *See e.g.*, 16 *Moore's Federal Practice*, § 107.14[2][c] (Matthew Bender 3d ed.) (citing cases).

Genlyte argues that the claim against Pacheco for tortious interference with contractual relations is preempted by c. 151B. The weight of authority holds otherwise. While c. 151B's remedial scheme preempts all other state statutory causes of action, *see, e.g., Green v. Wyman-Gordon Co.*, 422 Mass. 551, 557-558, 664 N.E.2d 808, 813 (1996) (holding that c. 151B precludes claims under Mass. Gen. L. c. 214, § 1C, civil rights act and equal rights act), an employee is not foreclosed, under Massachusetts law, from bringing claims "under common law principles established prior to adoption of c. 151B." *Charland v. Muzi Motors, Inc.,* 417 Mass. 580, 586, 631 N.E.2d 555, 559 (1994) (citing *Comey v. Hill,* 387 Mass. 11, 20, 438 N.E.2d 811 (1982)). Rather, "G.L. c. 151B provides the exclusive remedy for employment discrimination not based on preexisting tort law or constitutional protections . . . ." *Id.* Specifically, the failure to file a claim with the MCAD does not bar the pre-existing common law claim of tortious interference with contractual relations. *Comey*, 387 Mass. at 20 (claim for tortious interference with advantageous relations not preempted by ch. 151B); *Clarke v. Kentucky Fried Chicken of California, Inc.*, 57 F.3d 21, 27 n.8 (1st Cir. 1995) ("The failure to file a claim with the MCAD [does] not bar the common law claim[]." *See also Weber v. Community Teamwork, Inc,* 434

Mass. 761,781, n. 41, 752 N.E.2d 700, 715 n.41 (2001) (citing cases); *Melley v. Gillette Corp.,* 19 Mass. App. Ct. 511, 513 (1985) (Mass. Gen. L. c. 151B, § 9 does not preclude common law tort of interference of an advantageous relationship) (citation omitted), *aff'd,* 397 Mass. 1004 (1986). On this basis alone, the Court concludes that Genlyte has not met its burden in establishing that Pacheco was fraudulently joined.[6]

To summarize, the Court concludes that Pacheco was not fraudulently joined in this case, and the Court therefore lacks subject matter jurisdiction because complete diversity is lacking. Judge Wolf's Order of Dismissal dated September 18, 2004 is therefore void and shall be vacated pursuant to Fed. R. Civ. P. 60(b)(4). For these reasons, the Court grants the plaintiff's motion to remand to state court.

---

[6] Genlyte relies on *Dorn v. Astra USA*, 975 F. Supp. 388, 395 (D. Mass. 1997) for the proposition that the common law claim of tortious interference with advantageous relations is preempted by c. 151B when the claim is "grounded in . . . general claims of sexual harassment . . . ." To the extent that *Dorn* states an exception to the general rule set forth in *Comey v. Hill, supra, (see also Weber,* 434 Mass. at 783 n. 43 and cases cited), under the fraudulent joinder standard, the Court must construe any legal ambiguity raised by *Dorn* in favor of the plaintiff. Further, Genlyte has not sufficiently established that Rodrigues' tortious interference claim is indeed simply a recast version of his sexual harassment claim, and the Court is not persuaded that the complaint compels this conclusion. As such, Genlyte has fallen short of establishing by clear and convincing evidence that, based on the pleadings, there is no possibility that a state court would permit recovery on this cause of action.

### III.  *Conclusion and Order*

For the reasons stated, it is ORDERED that the Motion to Remand pursuant to 28 U.S.C. §1447(c) (#15) be, and the same hereby is, ALLOWED on the basis that the Court lacks subject matter jurisdiction.  It is FURTHER ORDERED that the Order dated September 18, 2004 be, and the same hereby is, VACATED.  It is FURTHER ORDERED that the case be, and the same hereby is, REMANDED to Superior Court for the County of Bristol, Massachusetts.  Judgment shall enter accordingly.

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

Date: September 29, 2005.